UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tammy Henderson,                                             Case No. 3:12-cv-02794

        Plaintiff

  v.                                                              MEMORANDUM OPINION
                                                                      AND ORDER

Commissioner of Social Security,

        Defendant

### I.    INTRODUCTION

Before me are the objections of Plaintiff Tammy S. Henderson, (Doc. No. 20), to the Report and Recommendation of Magistrate Judge George Limbert regarding Henderson's complaint seeking review of a final decision of Defendant the Commissioner of Social Security. (Doc. No. 20). For the reasons stated below, I conclude Henderson's objections are without merit, adopt the Magistrate Judge's recommendations as set forth in the Report and Recommendation, and affirm the decision of the Commissioner denying benefits.

### II.    BACKGROUND

Magistrate Judge Limbert has accurately set forth the procedural background of this case, and I adopt that section of the Report and Recommendation in full. (*See* Doc. No. 19 at 1-2). Henderson objects to the Magistrate Judge's description of her medical and work history as incomplete. (Doc. No. 20 at 3-4). She fails to offer any argument, however, as to how these alleged deficiencies form the basis for rejection of the Magistrate Judge's Report and Recommendation.

Accordingly, I reject Henderson's objection to Magistrate Judge Limbert's description of her medical and work history, and adopt that section of the Report and Recommendation.

Briefly, on May 4, 2009, Henderson filed an application seeking Disability Insurance Benefits pursuant to the Social Security Regulations. She alleged her ability to work was limited by Reflex Sympathetic Dystrophy / Complex Regional Pain Syndrome ("RSD"), foot problems, Tarsal tunnel syndrome, arthritis, and nerve damage. At the time of her application, Henderson's conditions prohibited her from standing for more than four hours and required her to sit and relax frequently. Henderson stated her disability first began to prevent her from working in October 2000.

The Social Security Administration initially denied Henderson's application on July 8, 2009, and denied her request for reconsideration on January 6, 2010. On April 20, 2011, Administrative Law Judge ("ALJ") Timothy Belford, on behalf of the Social Security Administration and following a hearing which Henderson and her counsel attended in person, concluded Henderson was not disabled and again denied Henderson's application for benefits. Henderson's request for review before the Social Security Appeals Council was denied on June 20, 2012. She now seeks review of the denial of her request for benefits.

### III. STANDARD

A district court must conduct a de novo review of any part of the magistrate judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F. Supp. 2d 738, 740 (N.D. Ohio 2010). The district judge may accept, reject, or modify the magistrate judge's recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions for further proceedings. Fed. R. Civ. P. 72(b)(3).

A district judge must affirm the Commissioner's conclusions unless the court determines the Commissioner has not correctly applied relevant legal standards or has made findings of fact which are not supported by substantial evidence in the administrative record. *Walters v. Comm'r of Soc. Sec.*,

127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (*quoting Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. ANALYSIS

Henderson offers seven objections to Magistrate Judge Limbert's Report and Recommendation: (1) the Magistrate Judge misstates her arguments; (2) Magistrate Judge Limbert's statement of Henderson's medical history is incomplete; (3) Magistrate Judge Limbert did not properly evaluate the assessments of state agency physicians; (4) the ALJ erred in failing to find Henderson had a later onset date than she asserted in her application; (5) the ALJ's decision was not based on substantial evidence; (6) the Magistrate Judge improperly analyzed the ALJ's application of the treating physician rule; and (7) the hearing testimony of the vocational expert does not support the ALJ's finding at Step 5 of the sequential analysis. (Doc. No. 20). I note that Henderson has not provided a summary of her objections. She makes numerous arguments opposing both the ALJ's and Magistrate Judge's rulings but titles her objections with references to section headings and page numbers from the Magistrate Judge's Report and Recommendation. (*See* Doc. No. 20). Many of her arguments simply express disagreement with the disposition of her application for benefits and her complaint before this court, or merely restate evidence from the administrative record. Where appropriate, I evaluate these arguments in the context of Henderson's claim that the ALJ's ruling is not supported by substantial evidence. Henderson's remaining arguments, including her recitation of undisputed record evidence, are not sufficiently specific to constitute cognizable objections to Magistrate Judge Limbert's Report and Recommendation, and I will not consider them further. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("objections must be clear enough to enable the

3

district court to discern those issues that are dispositive and contentious") (*citing Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

As I stated above, Henderson does not establish that Magistrate Judge Limbert's summary of her medical history provides the basis for reversal or lead to an improper result. I overrule her first objection on the same basis. The Magistrate Judge's brief summary of Henderson's arguments on page four of the Report and Recommendation is just that, a summary. Magistrate Judge Limbert thoroughly describes and addresses Henderson's arguments in the remainder of his Report, and I conclude her first objection is without merit.

### A. STATE AGENCY ASSESSMENTS

Henderson objects to Magistrate Judge Limbert's description of the assessments performed by Drs. McCloud, Manos, and Bolz. (*See* Doc. No. 19 at 9-10). She argues (1) the Magistrate Judge improperly implies Dr. McCloud personally examined her in completing a physical Residual Functional Capacity ("RFC") evaluation; (2) the Magistrate Judge improperly implies Drs. McCloud and Manos had different bases for their opinions; (3) Dr. Manos's opinion that Henderson does not have RSD or any severe functional impairment is not supported by substantial evidence; (4) Drs. Bolz and McCloud made conflicting findings regarding her ability to balance or to be exposed to heights. (Doc. No. 20 at 4). Her arguments are not persuasive.

Magistrate Judge Limbert stated Dr. McCloud "completed a physical RFC assessment" of Henderson. (Doc. No. 19 at 9). While the Magistrate Judge does not explicitly state Dr. McCloud conducted a file review, the Magistrate Judge also did not state Dr. McCloud personally examined Henderson. Moreover, a cursory review of the RFC evaluation form Dr. McCloud completed – a form to which Magistrate Judge Limbert provides a record citation – reveals that the form expressly directed Dr. McCloud to "[b]ase [his] conclusions on all evidence in [the] file." (Doc. No. 13 at

4

343). The inferences Henderson draws with respect to Magistrate Judge Limbert's description of the assessments performed by Drs. McCloud and Manos are unwarranted.

Additionally, the substantial evidence standard applies to judicial review of the ALJ's ruling, and not directly to the opinions of state agency physicians such as Drs. McCloud, Manos, and Bolz. *Walters*, 127 F.3d at 528. Even if her assertions were accurate, Henderson does not explain how any of them support reversal of the ALJ's decision denying benefits. Her third objection is overruled.

### B. DISABILITY ONSET DATE

Henderson asserts the ALJ could have determined her disability onset date was later than the October 2000 date she alleged, as the ALJ "must consider her capabilities throughout the entire period." (Doc. No. 20 at 4). While this is true, the ALJ's conclusion that Henderson's medically indicated impairments do not prohibit her from working is supported by substantial evidence. After reviewing the record evidence, the ALJ concluded Henderson's testimony regarding the intensity, persistence, and limiting effects of her symptoms was not credible because it, at least in part, was inconsistent with the RFC assessments. (Doc. No. 13 at 38). The ALJ also concluded Henderson was exaggerating her limitations, as the record evidence did not support her claims that she could not reach overhead, open jars, or lift more than a gallon of milk, and was inconsistent with her claim that she could not walk the distance of one block. (Id. at 38-39).

Henderson argues her claims regarding her difficulty reaching overherad and opening jars is supported by the RFC evaluation of Mike Coulter, a physical therapist. As the ALJ noted, Mr. Coulter is not considered an acceptable medical source under the Social Security Regulations, and his findings cannot establish the existence of a medically determinable impairment. SSR 06-3p. Further, the ALJ observed Henderson during her testimony and is in the best position to evaluate her credibility in light of the record evidence. *Walters*, 127 F.3d at 531-32 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions between the medical reports,

5

claimant's testimony, and other evidence."). It is Henderson's responsibility to produce medical evidence regarding her impairments and their severity. 20 C.F.R. § 416.912(c). She has failed to do so, and I conclude the ALJ's conclusion that Henderson exaggerated her symptoms is supported by substantial evidence.

### C. SUBSTANTIAL EVIDENCE

Henderson argues the ALJ's decision was not based on substantial evidence. (Doc. No. 20 at 6-7). In support, however, she points only to portions of some medical source opinions and ignores the remaining voluminous medical evidence. The Commissioner's decision regarding benefits is conclusive so long as it is supported by substantial evidence, which is relevant evidence a reasonable person might accept as adequate to support a conclusion. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). The Commissioner's findings "are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Id.* (*citing Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). It is clear that the ALJ's denial of benefits is supported by substantial evidence, including her medical records and the opinion of her treating physician, Dr. Mahmoud Mohamed. Henderson's fifth objection is overruled.

### D. THE TREATING PHYSICIAN RULE

Henderson also objects to the Magistrate Judge's Report and Recommendation because, she asserts, the ALJ improperly applied the treating physician rule. First, Henderson argues the ALJ erred in failing to properly evaluate her RSD and to conclude her RSD is a severe impairment. (Doc. No. 20 at 7). The ALJ identified Henderson's "bilateral foot problem" as a severe impairment. (Doc. No. 13 at 33). As Henderson notes, this is not a medically determinable impairment, while RSD is such an impairment. Subsequently, the ALJ described Henderson's allegations regarding her bilateral foot problems as including RSD, tarsal tunnel syndrome, arthritis, and nerve damage. (Id. at 36). The ALJ also classified Henderson's other identified impairments,

6

including her lower back pain, her reflux and hiatal hernia, and her migraine headaches, as nonsevere impairments. (Id. at 34-35). The ALJ's failure to expressly identify RSD as a severe impairment was harmless, and "a mere 'articulation error.'" *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008). The ALJ's decision is sufficiently clear to support the conclusion that the term "bilateral foot problem" merely was a catch-all, covering RSD as well as tarsal tunnel syndrome, arthritis, and nerve damage in Henderson's feet.

Moreover, Henderson fails to show how the ALJ's lack of specificity has any impact on her case. The Social Security Regulations do not identify RSD as a listed impairment, the existence of which would mandate a finding of disability. 20 C.F.R. 404, subpart p, app'x 1; SSR 03-2p at 4. The ALJ's ultimate denial of benefits is supported by substantial evidence, and his failure to expressly identify RSD as a severe impairment does not support an order of remand.

Second, she asserts the ALJ erred in failing to give Dr. Mohamed's opinions controlling weight. (Doc. No. 20 at 8). The treating physician rule requires that an ALJ give a treating source opinion "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations and quotations omitted). The opinion Henderson identifies, however, actually is a diagnosis – similar to her argument I discussed above, Henderson claims the ALJ failed to give Dr. Mohamed's *diagnosis* of RSD controlling weight. Even if Henderson's assertion was correct, it is not relevant. As Magistrate Judge Limbert noted, the Social Security Regulations presume a treating physician's *opinions* will be given controlling weight, not his *diagnoses*. (Doc. No. 19 at 16). Dr. Mohamed did not opine that Henderson is unable to work, and thus Henderson's argument that the ALJ rejected Dr. Mohamed's opinions fails.

7

Henderson also argues the Magistrate Judge erred in his analysis of the ALJ's purported failure to consider the efficacy of her treatment, including her prescription medications, and that this error contributed to the ALJ's perception that Henderson had exaggerated her limitations during her testimony. (Doc. No. 20 at 10). The ALJ's failure to explicitly review the efficacy of Henderson's prescription medications does not establish a proper basis for vacating or reversing the ALJ's decision. The ALJ did not assume Henderson's medications alleviated all of her symptoms, but instead evaluated Henderson's testimony in light of the medical evidence and concluded her testimony was not entirely credible. An ALJ may consider a claimant's credibility when evaluating the claimant's complaints of pain, and the ALJ's conclusions on witness credibility are "accorded great weight and deference." *Walters*, 127 F.3d at 531; *see also Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997) (agency decisions are entitled to deference "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the [ALJ's] conclusion"). The ALJ's decision is supported by substantial evidence, and Henderson's sixth objection is overruled.

### E.  VOCATIONAL EXPERT TESTIMONY

Lastly, Henderson also objects to Magistrate Judge Limbert's analysis of her challenge to the ALJ's reliance on the vocational expert's testimony. She alleges that the vocational expert's testimony during her hearing contradicts testimony the expert gave in a hearing for a different claimant, whom Henderson's attorney also represents, and that the other jobs about which the vocational expert testified include positions with skill levels that exceed Henderson's capabilities. (Doc. No. 20 at 10-12). Henderson has not filed a copy of the transcript from the other hearing however, and the transcript in the administrative record reflects only that Henderson's attorney and the vocational expert had a disagreement during a previous hearing. The vocational expert's testimony during Henderson's hearing is not contradictory and the ALJ may properly rely on it.

8

*Conn v. Sec'y of Health and Human Servs.*, 51 F.3d 607, 610 (6th Cir. 1995) (ALJ may "rely solely on the vocational expert's testimony"). Further, the ALJ complied with his duties under SSR 00-4p and appropriately concluded during step five of the sequential analysis that there is sufficient "other work" which Henderson is capable of performing. *See Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574 (6th Cir. 2009). I conclude Henderson's seventh objection is not well-taken and adopt Magistrate Judge Limbert's recommendation.

## CONCLUSION

For the reasons stated above, I deny Henderson's objections, adopt the conclusions of Magistrate Judge Limbert as set forth in the Report and Recommendation, and affirm the Commissioner's decision.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge